UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Ummama Khan <br> and Muhammad Khan (A 096 617 974) <br><br> Plaintiffs, <br><br> v. <br><br> Alejandro Mayorkas, Secretary, Department of Homeland Security, and Kevin Riddle, Field Office Director, Chicago Field Office, U.S. Citizenship & Immigration Services, <br><br> Defendants. | Case No. 23-cv-02279 |

**PETITION FOR DECLARATORY JUDGMENT AND OTHER RELIEF**

Plaintiffs, Ummama Khan and Muhammad Khan, by and through their own and proper persons and through their attorneys KRIEZELMAN BURTON & ASSOCIATES, LLC, hereby petition this Honorable Court for a Declaratory Judgment and other relief, and in support thereof state as follows:

**Introduction**

1. This is a civil action brought by Plaintiffs, Ummama Khan, and her spouse, Muhammad Khan, that involves the denial of a petition for alien relative and an application for adjustment of status to permanent residence, which was arbitrary and capricious.

1

**Jurisdiction And Venue**

2. This court has jurisdiction over this action through the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, *et seq.*, 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 2201 (declaratory judgment), and the Immigration & Nationality Act and regulations implementing it (Title 8 of the Code of Federal Regulations). Under the APA, "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702.

3. Agency action subject to judicial review includes the denials of Form I-130 (petition for lien relative) and Form I-485 (application for lawful permanent resident status pursuant to Section 245(a) of the INA, 8 U.S.C. § 1255(a)) because USCIS's denial of the visa petition and application constitutes a "final agency action for which there is no other adequate remedy in a court [is] subject to judicial review." 5 U.S.C. § 704. The standards to be applied on review are governed by 5 U.S.C. § 706; *Heckler v. Chaney*, 470 U.S. 821, 828 (1985).

4. The APA does not independent provide a basis for subject matter jurisdiction. *Califano v. Sanders*, 420 U.S. 99, 107 (1977). However, the federal question statute 28 U.S.C. § 1331 gives federal courts jurisdiction over a suit that arises under a right of action created by the APA. *See Bowen v. Massachusetts*, 487 U.S. 879, 891 n.16 (1988).

5. Federal courts review administrative actions under the APA to determine whether the agency acted arbitrarily, capriciously, abused its discretion or acted otherwise not in accordance with the law. *FCC v. Fox Television Stations, Inc.*, 556 U.S. 502, 513 (2009). The requirement that agency action not be arbitrary and capricious requires the agency to "examine the

relevant data and articulate a satisfactory explanation for its action" and explain its actions that will enable the court to evaluate the agency's rationale at the time of decision. *Motor Vehicle Mfrs. Ass'n of the United States, Inc. v. State Farm*, 463 U.S. 29, 43 (1983); *Pension Benefit Guar. Corp. v. LTV Corp.*, 496 U.S. 633, 654 (1990).

6. Further, the exhaustion doctrine does not apply where there is no statute or regulation that requires that an administrative appeal be pursued prior to judicial review, and no federal court has discretionary authority to require exhaustion. *See Darby v. Cisneros*, 509 U.S. 137 (1993). The applicable portion of the regulations governing immigrant benefit petitions provides that "[c]ertain unfavorable decisions on applications, petitions, and other types of cases *may* be appealed," but contains no mandatory language requiring an appeal prior to judicial review. 8 C.F.R. § 1103.3(a)(1)(ii) (emphasis added).

7. Venue of this action is proper under 28 U.S.C. § 1391(e)(3). The Defendants maintain offices in this district and the USCIS Office in this district adjudicated Plaintiff's application. Plaintiffs also reside in Cook County, Illinois

## Parties

8. Plaintiff Ummama Khan is a citizen of the United States and resides in Cook County, Illinois. She is married to and residing with Plaintiff Muhammad Khan.

9. Plaintiff Muhammad Khan is a citizen of Pakistan. He resides with Plaintiff Ummama Khan in Cook County, Illinois

10. Defendant, Kevin Riddle, is sued in his official capacity only. He is the Field Office Director of the Chicago Field Office of USCIS. As such, he is the Attorney General's designate for the Chicago area, charged with the duty of administration and enforcement of all the functions, powers, and duties of USCIS.

11. Defendant Alejandro Mayorkas, Secretary for the Department of Homeland Security ("DHS"), is being sued in his official capacity only. Pursuant to the Homeland Security Act of 2002, Pub. L. 107-296, Defendant Mayorkas, through his delegates, has authority to adjudicate adjustment of status applications and visa petitions filed with the United States Citizenship and Immigration Services (USCIS) and to accord lawful permanent resident status pursuant to 8 U.S.C. § 1255.

## Immigration Law Framework

12. Under the INA § 201 (b) and § 245, United States citizens and legal permanent residents ("LPR") may apply for an immigrant visa for their non-citizen spouses. Upon approval, an application for adjustment of status to that of legal permanent resident may be submitted by the non-citizen spouse. 8 U.S.C. § 1103; 8 U.S.C. § 1255(a).

13. Pursuant to § 245(a) of the INA, a non-citizen spouse physically present in the United who was inspected and admitted or paroled into the United States may have their status adjusted to that of a lawful permanent resident. *See* 8 U.S.C. §1255(a).

14. Under 8 C.F.R. section 245.2(a)(1), USCIS has jurisdiction to adjudicate an application for adjustment of status filed by any alien, unless the immigration judge has jurisdiction to adjudicate the application under 8 C.F.R. section 1245.2(a)(1). 8 C.F.R. §245.2(a)(1). Since the Immigration Judge does not have the jurisdiction to adjudicate an application for adjustment of status unless the alien has been placed in removal proceedings, jurisdiction rests with USCIS to adjudicate those applications. 8 C.F.R. § 1245.2(a)(1).

**Factual Background**

15. Plaintiff Ummama Khan is a citizen of the United States.

16. Plaintiff Muhammad is a native and citizen of Pakistan. He entered the U.S. on August 20, 2004 with a B-2 visitor visa.

17. Plaintiff Ummama Khan and Plaintiff Muhammad Khan married on March 6, 2013 in Houston, Texas.

18. Plaintiff Muhammad Khan was previously married to Vandalia Baker, a U.S. citizen. They married on January 28, 2011 and Ms. Baker filed a visa petition with USCIS on behalf of Plaintiff Muhammad Khan on February 23, 2011. After responding to a Notice of Intent to Deny, Ms. Baker withdrew the visa petition on November 26, 2012. The marriage between Plaintiff Muhammad Khan and Ms. Baker ended in divorce in Cook County, Illinois on October 9, 2012.

19. On or about July 16, 2015, Plaintiff Ummama Khan filed an I-130 visa petition for her husband, Plaintiff Muhammad Khan in order to classify him as the immediate relative spouse of a U.S. citizen, and to provide him with a legal basis by which he could adjust his status to permanent residency in the United States. Plaintiff Muhammad Khan concurrently filed an application to adjust his status to permanent residency, Form I-485. The petition and application were filed with appropriate supporting documentation.

20. After interview, USCIS issued a Notice of Intent to Deny the visa petition on December 6, 2019. USCIS alleged that Plaintiff Muhammad Khan's marriage to Vandalia Baker was fraudulent in nature and that approval of any visa petition was barred by INA § 204(c). Plaintiff Ummama Khan responded to the NOID on January 3, 2020. On January 29, 2020, USCIS denied the visa petition and the application for adjustment of status. USCIS found that the Plaintiffs did not establish that Plaintiff Muhammad Khan's marriage to Vandalia

Baker was bona fide in nature.

21. As a result of this agency action, Plaintiff Muhammad Khan is left with no basis to dispute the USCIS finding that he is ineligible for a visa and adjustment of status.

### Request For Relief

22. Plaintiffs re-allege and incorporate by reference every allegation contained in the preceding paragraphs as if set forth fully herein.

23. The decision of the Department of Homeland Security and USCIS violates INA § 204(c), and established precedent decisions by the Board, the Court of Appeals for the Seventh Circuit, and is not in accordance with law.

24. Pursuant to the Administrative Procedures Act, a reviewing court shall "hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," or those unsupported by substantial evidence. 5 U.S.C. § 706(2).

25. Plaintiff Ummama Khan's I-130 visa petition is not barred by section 204(c) of the Act because Plaintiff met her burden in showing that her husband's first marriage was entered into in good faith by a preponderance of the evidence.

26. Defendants failed to provide sufficient detail regarding the interview between USCIS Officer and Ms. Baker, they did not provide a transcript of the conversation, nor do they offer any copies of sworn statements or affidavits attesting to this fact. By doing so, Defendants'

denied Plaintiff of the right to sufficiently to rebut the information, as provided for in the regulations. *See* 8 C.F.R. § 103.2(b)(16)(i).

27. Furthermore, prior to finding that a visa petition is barred by section 204(c) of the Immigration and Nationality Act, USCIS must prove by substantial and probative evidence that an alien entered into a marriage with the purpose of evading immigration laws and that evidence must be documented in the alien's file. *Matter of Kahy*, 19 I&N Dec. 803 (BIA 1988); *Matter of Agdinaoay*, 16 I&N Dec. 545 (BIA 1978); *Matter of La Grotta*, 14 I&N Dec. 110 (BIA 1972); 8 C.F.R. § 204.1(a)(2)(iv).

28. Defendants have failed to prove, by substantial and probative evidence, that Plaintiff Muhammad Khan's marriage to Ms. Baker was entered into with the purpose of evading the immigration laws. *See Pouhova v. Holder*, 726 F.3d 1007, 1013 (7th Cir. 2013) (unreliable evidence, including evidence containing inaccuracies and inconsistencies, violates procedural rights and fundamental fairness standards); *Barradas v. Holder*, 582 F.3d 754, 763 (7th Cir. 2009); *see, e.g., In re: Abdulla Hassim*, A72–657–963, 2006 WL 3922236 (BIA Dec. 28, 2006) (unpublished decision) (noting that "[i]nadequate evidence and negative inferences do not meet" the substantial and probative evidence standard).

29. USCIS credited the statement given by Ms. Baker entirely and diminished or discredited every rebuttal made by Plaintiff Muhammad Khan in his statement responding to the Notice of Intent to Deny. USCIS also claimed documents supported Ms. Baker's statement that did not and ignored evidence submitted by Plaintiffs which supported Plaintiffs' rebuttal of the allegations.

30. The USCIS decision that Plaintiff is ineligible for the subject visa petition is arbitrary and capricious, and not in accordance with law.

WHEREFORE**,** Plaintiffs Ummama and Muhammad Khan pray that this Honorable Court:

    A.  Declare unlawful and set aside Defendants' decision to deny Plaintiff's I-130 visa petition as arbitrary, capricious and/or otherwise not in accordance with the law;

    B. Remand to USCIS for findings in accordance with this decision under 5 U.S.C. § 702 and approval of the Plaintiffs' I-130 petition and review of the previously denied Form I-485;

    C.  Grant such other and further relief, as the Court deems appropriate and just.

Respectfully Submitted,
Ummama and Muhammad Khan

By: s/ Kevin Raica
One of their attorneys

Kevin Raica, Esq.
Kriezelman Burton & Associates, LLC
200 West Adams Street, Suite 2211
Chicago, Illinois 60606
(312) 332-2550
kraica@krilaw.com
Attorney No. 6283793